RICAU, RECEIVER, v. SCHLATRE

(March 4, 1929. Opinion and Decree.)

Baldwin J. Allen, of New Orleans, attorney for plaintiff, appellee.

C. S. Hebert, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, as receiver of C. C. Gaspard, Inc., sues defendant for $364.00, together with interest and attorneys' fees, which amount is claimed as the balance due on an alleged subscription to four units of capital stock of the said corporation. It is alleged that the subscription was dated March 30, 1926, that under it defendant obligated herself to pay $404.00, and that she has paid $40.00 thereof.

Defendant admits that on March 30, 1926, she signed a subscription for stock but claims that it was for only one unit and that she agreed to pay only $101.00. She admits that she has paid $40.00 thereof and she further claims that she executed and has paid another subscription of date March 3, 1926.

She produced and introduced in evidence a carbon copy of a subscription for one unit bearing date March 30, 1926, and bearing the signature "Elizabeth Schlatre."

The alleged subscription for four units on which this suit is predicated bears the signature "L. Schlatre."

Defendant admits that she was generally known as "Lizzie" and that she wrote a letter to the company or to the Receiver and signed it "L. Schlatre" but claims that always in signing formal documents and particularly in signing the subscription in question she signed the full name "Elizabeth."

She asks in her answer that the entire transaction be set aside as having been consummated as the result of fraud and that all the money paid out by her be ordered returned to her.

Judgment was rendered in the court below in plaintiff's favor but for only $61.00. This represents the balance due on one unit after deducting from the subscription price thereof the amount admitted to have been paid. Defendant has appealed and plaintiff has answered the appeal and now asks that the judgment be increased to the amount originally asked for. The trial judge, in his reasons for judgment stated that he found the disputed signature to be genuine but that he believed that the figures showing the number of units had been altered from one to four and that the amount of money to be paid had been changed from $101.00 to $404.00. During the trial, on an objection to evidence, he had ruled out any testimony going to show that the document had been altered because he held, and we think correctly, that the defense that the signature had been forged, deprived defendant of the right to set up any other contention. His finding, then that the signature was genuine but that the figures had been changed after signature seems to be inconsistent with his previous ruling, and as we are of the opinion that his first ruling was correct we are necessarily now of the opinion that his second finding was not in accordance with Article 326 of our Code of Practice, which article reads as follows:

"The defendant, whose signature shall have been proved, after his having denied the same, shall be barred from every other defense, and judgment shall be given against him without further proceedings."

If, then, he believed that the signature was genuine, he should have rendered judgment against defendant for the full amount, and if we believed that the signature is genuine we would ourselves be forced to do so. But the record convinces

us that the signature on the subscription for four units is not genuine. Two other subscriptions bearing the signature "Elizabeth Schlatre" are offered in evidence and a comparison of those with the one in dispute, together with the fact that we see no reason why defendant should have signed the full name in those cases and only the initial of her "nickname" in the disputed case, and the improbability that a person of Miss Schlatre's limited income and means would have signed for so much stock, furnishes ample ground for our conclusion. Furthermore, it would have been most peculiar for her to have signed two different subscriptions, one for one unit and one for four units, on the same day, and it is quite evident from the carbon copy submitted in evidence that she did actually sign a subscription for one unit on that day.

Defendant contends that the whole transaction was tainted with fraud and that, therefore, she should not only be not required to pay the balance due, but that such amounts as had been paid by her should be returned to her. We do not believe that there is any positive proof of fraud, except with regard to the forging of defendant's name to the stock subscription. We feel, however, that the fact that the corporation, or some of its agents, resorted to an act of this kind, will well justify us in refusing to allow them to recover anything more from plaintiff. But, inasmuch as plaintiff herself has admitted that she did sign a document, and that she did pay something under that document, we do not feel that we should order returned to her such amounts as have been paid.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit.